# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **LINDA MARIE KEEN,** | )<br>) |
| Plaintiff, | ) Case No. 1:08CV00031<br>) |
| v. | ) **OPINION**<br>) |
| **MICHAEL J. ASTRUE,**<br>**COMMISSIONER OF**<br>**SOCIAL SECURITY,** | ) By: James P. Jones<br>) Chief United States District Judge<br>)<br>) |
| Defendant. | ) |

*Larry G. Browning and John M. Lamie, Browning, Lamie & Gifford, P.C., Abingdon, Virginia, for Plaintiff; Jillian Kipp, Assistant Regional Counsel, and Andrew C. Lynch, Special Assistant United States Attorney, Social Security Administration, Philadelphia, Pennsylvania, for Defendant.*

In this social security case, I affirm the final decision of the Commissioner.

Linda Marie Keen filed this action challenging the final decision of the Commissioner of Social Security ("Commissioner") denying the plaintiff's claims for a period of disability, disability insurance benefits, and supplemental security income benefits under titles II and XVI of the Social Security Act, 42 U.S.C.A. §§ 401-433, 1381-1383d (West 2003 and Supp. 2009) ("Act"). Jurisdiction of this court exists pursuant to 42 U.S.C.A. §§ 405(g) and 1383(c)(3).

My review is limited to a determination as to whether there is substantial evidence to support the Commissioner's final decision. If substantial evidence exists, this court's "inquiry must terminate," and the final decision of the Commissioner must be affirmed. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966). Substantial evidence has been defined as "evidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance." *Id.*

Keen applied for benefits on August 17, 2006, alleging disability since November 1, 2005, and received a hearing before an administrative law judge ("ALJ") on December 19, 2007, at which she was represented by counsel. By decision dated February 5, 2008, the ALJ found that the plaintiff was not disabled within the meaning of the Act. The Social Security Administration's Appeals Council denied review on March 17, 2008, and the ALJ's opinion thus constitutes the final decision of the Commissioner.

The parties have briefed and orally argued the issues, and the case is ripe for decision.

Keen was 50 years old at the time of the hearing before the ALJ and had been previously employed as a truck driver and as a farm laborer. She left school in the

eighth grade but later obtained her GED. She claimed disability based on degenerative arthritis and depression.

The ALJ determined that the plaintiff is unable to return to her past relevant work, but has the residual functional capacity to perform light work, as defined in the regulations. Based upon the testimony of a vocational expert, the ALJ found that there existed a significant number of jobs in the national economy which the plaintiff could perform.

During the administrative proceedings, the plaintiff was seen and evaluated by Ravi K. Titha, M.D., a state agency consultant. In a written report, Dr. Titha advised that because Keen had been employed as a truck driver, "she is expected to have some degree of degenerative arthritis from prolonged driving because of sitting in one position." (R. at 236.) After his examination, Dr. Titha found that "the number of hours the patient could be expected to sit, stand, or walk 3-4 hours." (*Id.* at 236.)

At the hearing before the ALJ, there was a discussion of the meaning of Dr. Titha's opinion. One interpretation would be that Keen could engage in any of these activities provided that the particular activity did not last longer than three or four hours in a typical eight-hour shift—in other words, no walking for more than three or four hours in an eight-hour shift, or standing for more than that length of time, or sitting. (*Id.* at 40.) However, construing the opinion to mean that Keen could not sit,

stand or walk cumulatively for more than three to four hours per work day, the VE found that Keen's condition "would preclude any competitive, full-time employment" because the normal work day is eight hours. (*Id.* at 41-42.) The ALJ construed Dr. Titha's opinion in this latter fashion, as most favorable to the claimant.

Two other state agency physicians, Robert McGuffin, M.D., and Michael Hartman, M.D., reviewed Keen's medical records and found that Keen could stand and/or walk, with normal breaks, for a total of about six hours in an eight-hour workday, as well as sit for a total of about six hours in an eight-hour workday. (*Id.* at 239, 270.) Both physicians stated that in their opinions, Dr. Titha "overestimated" the severity of Keen's limitations. (*Id.* at 244, 275.)

The ALJ rejected Dr. Titha's opinion, stating as follows:

> In determining the appropriate weight to give to any medical source opinion, the regulations require that the ALJ consider: (1) the examining relationship between the medical source and claimant; (2) the treatment relationship, including the length of the relationship, frequency of examination, and nature and extent of the treatment relationship; (3) support by medical evidence; (4) consistency of the opinion with the record as a whole; (5) the source's specialization; and (6) any other factors which support or contradict the opinion (20 CFR 404.1527(d) and 416.927(d)). In light of the foregoing factors, the undersigned puts little weight into the opinion of Dr. Titha (Exhibit 2F). His conclusion that the claimant could sit, stand, or walk for no more than three or four hours is not supported by the objective medical evidence. X-rays showed only minimal osteoarthritis. Examinations are essentially normal other than some limited range of motion and some tenderness to palpation. Further, the claimant's daily activities are

consistent with an ability to sit, stand, and walk for six hours in an eight hour day. She drives, prepares meals, does light household chores, and watches TV.

(*Id.* at 14.)

I cannot say that the ALJ's decision in this regard was not based on substantial evidence. While it is true, as the plaintiff points out, that activities like household tasks cannot be considered gainful activities, 20 C.F.R. § 404.1572(c) (2009), the ALJ is required to consider such daily activities in judging the severity of a claimant's symptoms, 20 C.F.R. § 404.1529(c)(3) (2009). *See Morgan v. Barnhart*, 142 F. App'x 716, 731 (4th Cir. 2005) (unpublished) ("A disregard for such evidence violates the Commissioner's regulations about observations by nonmedical sources as to how an impairment affects a claimant's ability to work.").

The plaintiff also contends that the ALJ erred in refusing to order a consultative psychological examination, as requested by the plaintiff. Counsel for Keen so moved at the hearing before the ALJ, which motion was denied after the ALJ had heard all of the evidence. (R. at 27.)

While there was evidence that Keen had been prescribed Cymbalta by her primary care physician for depression, and had one counseling session, there was ample evidence that any such depression was controlled and was not disabling. Dr. Titha found Keen to have "normal mood and affect" (*Id.* at 235) and uncovered no

mental impairment in his evaluation. A state agency psychologist, E. Hugh Tenison, Ph.D., reviewed Keen's medical records and found no evidence of a severe mental impairment.

A counselor, Crystal Burke, LCSW, who Keen saw on one occasion, noted that "Ms. Keen reports some problems with depression and family stress. She does report some symptom relief with the taking the medication Cymbalta. Encouraged her to continue medication. Encouraged her to develop other coping strategies. Allowed client to verbally vent." (*Id.* at 289.)

I agree with the Commissioner that the evidence of record does not show that the ALJ abused her discretion in denying the motion for a consultative examination.

For the foregoing reasons, I find that Commissioner's motion for summary judgment must be granted.[1]

An appropriate final judgment will be entered.

DATED: January 28, 2010

/s/ JAMES P. JONES
Chief United States District Judge

---

[1] The plaintiff argued on brief that the ALJ erred in failing to apply the medical-vocational guidelines (the "grids") to her case, but in oral argument conceded that issue.